**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 11 C 7052 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | Judge Kennelly |
| OFFICERS ROBERT GARZA (#7871), ANTHONY | ) | Magistrate Judge Cole |
| AMATO (#8030), WILLIAM DAVIS (#21157), | ) | |
| DELORES MYLES (#20242), BRIAN FORBERG | ) | JURY TRIAL DEMANDED |
| (#21249), J. FOSTER (#20288), JAMES | ) | |
| MICHAELS (#20317), TIM NOLAN (#20171), | ) | |
| RONALD LEWIS (#20309), and other | ) | |
| AS-OF-YET UNKNOWN EMPLOYEES OF THE CITY | ) | |
| OF CHICAGO, and MICHAEL KOPINA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MICHAEL KOPINA'S ANSWER TO COMPLAINT**

Defendant, MICHAEL KOPINA, by and through his attorney, LISA MADIGAN, in response to Plaintiff's Complaint, states as follows:

1.     Plaintiff Maurice Patterson spent more than eight years in prison for a murder that he did not commit.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.**

2.     Mr. Patterson was convicted after the police manipulated witnesses, fabricated evidence and withheld a DNA laboratory report containing DNA results that would have demonstrated his innocence of this crime.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form**

a belief as to the truth of the allegations in Paragraph 2.

3.      Despite Mr. Patterson's innocence, Defendant Officers managed to procure false witness identifications and statements allegedly establishing how Mr. Patterson supposedly killed the victim.  The Defendants knew that these statements were false.

**ANSWER:      Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.**

4.      Were it not for Mr. Patterson's determination to prove his innocence, he never would have learned of the lab report and its exculpatory content.  In 2007, Mr. Patterson filed a *pro se* Freedom of Information Act request with the Illinois State Police ("ISP"), requesting the lab reports from his case. Among the documents included in response was the lab report that had been withheld from him prior to trial.

**ANSWER:      Defendant Michael Kopina admits that Mr. Patterson filed a pro se Freedom of Information Act request and received, among other things, a lab report, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4.**

5.      Shortly after this revelation, the State moved to vacate Mr. Patterson's conviction and dismissed all charges against him.  This lawsuit seeks redress for Maurice Patterson's injuries and for Defendants' Misconduct.

**ANSWER:      Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.**

6.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:     Defendant Michael Kopina admits that this is an action brought pursuant to 42 U.S.C. § 1983 and denies that he has violated any of Plaintiff's rights.**

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 1391(b).  Events giving rise to this complaint occurred in this judicial district.

**ANSWER:     Defendant Michael Kopina admits that this Court has jurisdiction and that venue is proper.**

8.      Plaintiff is a 45 year-old resident of Chicago, where he was born and raised. Plaintiff is the father of three children.  Prior to his wrongful arrest for this murder, Plaintiff was employed in a variety of capacities, including as a groundskeeper for the Chicago Park District.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.**

9.      Defendants Robert Garza, Anthony Amato, William Davis, Delores Myles, Brian Forberg, J. Foster, James Michaels, Tim Nolan and Ronald Lewis are current or former police officers with the City of Chicago Police Department ("Department").  Each of the Defendant Officers is used in his individual capacity, and each acted under color of law and in the scope of his employment in engaging int he actions alleged in this Complaint.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.**

10.      Defendant City of Chicago is a municipal entity that employs or employed the Defendant Officers, including the as-of-yet unknown Defendants.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.**

11.     Defendant Michael Kopina is a current or former employee of the Illinois State Police.  He is sued in his individual capacity and acted under color of law and in the scope of his employment in engaging in the actions alleged in this Complaint.

**ANSWER:     Defendant Michael Kopina admits that he is a current employee of the Illinois State Police and denies that he engaged in the actions alleged in this Complaint.**

12.     On April 3, 2002, a man fatally stabbed Robert Head on the 7100 block of South Marshfield.  Three witnesses allegedly witnessed the attack on Mr. Head: Mat Starnes, Leslie Herron, and Harry Phillis.  None of the eyewitnesses identified Plaintiff as the attacker that night.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.**

13.     Although each of the eyewitnesses failed to identify the attacker on the night of the murder, the Defendant Officers, with no leads, coerced each of the eyewitnesses into naming Mr. Patterson as the perpetrator.  That coercion was never disclosed to Mr. Patterson.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.**

14.     For example, as a result of undue pressure and coercion, Leslie Herron identified Mr. Patterson as the offender.  To induce that false identification, and later her testimony at trial, the Defendant Officers held Ms. Herron for three days without providing her with anything or anywhere to sleep, and withheld food and water from her.  When Ms. Herron still had not identified Mr. Patterson, the Defendant Officers fed her Mr. Patterson's name and then intentionally permitted her to "overhear" their discussion about the fact that Mr. Patterson was "Number Three" in the lineup.

4

**ANSWER:**    Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.


15.    Ms. Herron's identification of Mr. Patterson was false.  In truth, Mr. Patterson does not look like the offender that Ms. Herron saw murder Mr. Head, and Ms. Herron has no knowledge whatsoever that Mr. Patterson was involved in Mr. Head's murder.

**ANSWER:**    Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.    None of the circumstances surrounding Ms. Herron's tainted and false identification were ever disclosed to Mr. Patterson and his defense team.

**ANSWER:**    Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    Once the Defendant Officers had secured the false inculpatory statements from the eyewitnesses, the police buried all the substantial evidence suggesting that someone else had committed the crime.

**ANSWER:**    Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.    In particular, the Defendants conceal the lab report, which would have demonstrated that someone other than Plaintiff was responsible for Mr. Head's murder.

**ANSWER:**    Defendant Michael Kopina denies that he concealed a lab report and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 as they pertain to any other defendant in this action.

19.     After retracing the escape route of the attacker, the police had previously located a knife with visible blood on it.  Ms. Starnes identified the knife as the one used in the attack on Mr. Head.

**ANSWER:     Defendant Michael Kopina admits that the police found a knife with blood on it and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19.**

20.     Defendant Myles forwarded the knife to the ISP for fingerprint and blood analysis. Once the ISP confirmed that there was blood on the knife blade and handle, swabs were delivered to Orchid Cellmark Laboratories ("Cellmark"), a private forensic laboratory, for testing.

**ANSWER:     Defendant Michael Kopina admits the allegations in Paragraph 20.**

21.     On September 8, 2002, Cellmark wrote a lab report, addressed to Defendant Kopina, stating that DNA from the blood stain on the knife blade matched the victim, Robert Head.  In addition, the Report stated that the DNA from the knife handle was a mixture of Mr. Head's DNA and a "deduced" second male DNA profile that was listed in the report.  This second male DNA profile was later identified as the DNA of James Starkey.

**ANSWER:     Defendant Michael Kopina admits the allegations in Paragraph 21.**

22.     Despite the obvious exculpatory value of the lab report, the Defendants never disclosed it to either the prosecutor or Mr. Patterson.  Had it been turned over, Mr. Patterson would have been able to successfully argue to the jury both that the knife that was located near the crime scene was the murder weapon and that James Starkey was responsible for the crime. Mr. Starkey lived approximately three blocks from the scene of Mr. Head's stabbing and had a

6

prior history of violent offenses.

**ANSWER:     Defendant Michael Kopina affirmatively states that the Cellmark Report was transmitted to the Chicago Police Department per the protocol of the Illinois State Police and lacks knowledge or information sufficient to forma belief as to the truth of the allegations in Paragraph 22.**

23.     Instead, the prosecution was able to argue without rebuttal at Plaintiff's criminal trial that the knife was not the murder weapon because the victim's blood was not found on the knife.  As such, the prosecution claimed that the knife had no evidentiary value for the purpose of Mr. Head's murder.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.**

24.     In November 2003, Plaintiff stood trial for the murder of Robert Head.

**ANSWER:     Defendant Michael Kopina admits the allegations in Paragraph 24.**

25.     Based upon the witnesses' coerced testimony and without access to the exculpatory lab report that could have proven his innocense, Mr. Patterson was wrongfully convicted of the Head murder.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.**

26.     During the trial, the Defendant Officers committed perjury, and conspired to do the same, including knowing false statements that the victim's blood was not on the knife.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form**

**a belief as to the truth of the allegations in Paragraph 26.**

27.     At his sentencing following his conviction, Mr. Patterson maintained his

innocence.  He told the court:

> "I'm wrongly convicted of murder I didn't do . . if
>
> I come back tomorrow, today, next month or a year, or
>
> five years, I will be back and are you going to
>
> apologize to me? ... Because I didn't kill that man.
>
> I never saw that man, never in my life."

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form**

**a belief as to the truth of the allegations in Paragraph 27.**

28.     Mr. Patterson was sentenced to 30 years in prison.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form**

**a belief as to the truth of the allegations in Paragraph 28.**

29.     Throughout his incarceration, Mr. Patterson was steadfast in his efforts to prove

his innocence.

**ANSWER:     Defendant Michael Kopina lacks knowledge or information sufficient to form**

**a belief as to the truth of the allegations in Paragraph 29.**

30.     In 2007, while in prison appealing the denial of his *pro se* motion for post-

conviction DNA testing, Mr. Patterson filed a *pro se* Freedom of Information Act ("FOIA")

request with the ISP, requesting the lab reports from his case.  The documents he received in

response to his FOIA request included a redacted version of the Cellmark lab report, which he

had never previously been provided.  Mr. Patterson sent the report to his then-appellate counsel,

who was able to view and unredacted version of the report. This unredacted lab report revealed, for the first time to any attorney representing Mr. Patterson, that the victim's DNA was on the knife as well as that of James Starkey.

**ANSWER:** **Defendant Michael Kopina admits that Mr. Patterson filed a pro se Freedom of Information Act request and received, among other things, a lab report, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30.**

31.     Following this revelation, the parties agreed that the case should be remanded back to the Circuit Court for further proceedings. On remand, the State moved to set aside Mr. Patterson's conviction and a new trial was ordered.

**ANSWER:** **Defendant Michael Kopina admits that the case was remanded and that the State moved to set aside Mr. Patterson's conviction and a new trial was ordered and lacks knowledge or information sufficient to forma a belief as to the remainder of the allegations in Paragraph 31.**

32.     On October 8, 2010, the State dismissed all charges against Mr. Patterson in a manner indicative of his innocence. After spending more than eight years incarcerated for a crime that he did not commit, Plaintiff was finally free.

**ANSWER:** **Defendant Michael Kopina admits that the State dismissed the charges against Mr. Patterson and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.**

33.     Plaintiff spent more than eight years in prison for a crime that he did not commit. Plaintiff must now attempt to make a life for himself outside of prison without the benefit of

9

almost a decade of life experiences, which normally equip adults for that task.

**ANSWER:   Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.**

34.     Additionally, the emotional pain and suffering caused by losing eight years in the prime of life has been substantial.  During his wrongful incarceration, Plaintiff was stripped of the various pleasures of basic human experience, from the simplest to the most important which all free people enjoy as a matter of right.  He missed out on the ability to share holidays, births, funerals and other life events with loved ones, the opportunity to fall in love and marry and to pursue a career, and the fundamental freedom to live one's life as an autonomous human being.

**ANSWER:   Defendant Michael Kopina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.**

35.     As a result of the foregoing, Plaintiff has suffered tremendous damage, including physical suffering, all proximately caused by Defendants' misconduct.

**ANSWER:   Defendant Michael Kopina denies any misconduct and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 35.**

**Count I – 42 U.S.C. § 1983**

**Due Process**

36.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:   Defendant Michael Kopina incorporates by reference his answers to each of the paragraphs in this Answer as if restated fully herein.**

10

37.     As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 37.**

38.     In the manner described more fully above, the Defendants deliberately withheld exculpatory evidence, fabricated false reports and other evidence, and conducted unduly suggestive lineups, thereby misleading and misdirecting the criminal prosecution.  Absent the totality of this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 38.**

39.     The Defendants' misconduct directly resulted in the unjust criminal conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 39.**

40.     As a result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries, including but not limited to, emotional distress more fully alleged above.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 40.**

41.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 41.**

42.     The misconduct described in this Count was undertaken by employees and agents

of the City of Chicago, including but not limited to the Defendants, pursuant to the policy and practice of the Chicago Police Department to pursue wrongful convictions through profoundly flawed investigations and coerced identifications, as well as institutional failure to disclose exculpatory DNA results that were inconsistent with the investigators' theory of the case.  In this way, the City of Chicago violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

**ANSWER:**  **Paragraph 42 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 42.**

43.    These widespread practices, so well-settled as to constitute *de facto* policy in the Chicago Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

**ANSWER:**  **Paragraph 43 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 43.**

44.    The widespread practices described int he preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

**ANSWER:**   **Paragraph 44 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 44.**

## Count II – 42 U.S.C. § 1983

### Failure to Intervene

45. Each of the Paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant Michael Kopina incorporates by reference his answers to each of the paragraphs in this Answer as if restated fully herein.**

46. In the manner described above, during the constitutional violations described above, one or more of the Defendants stood by without intervening to prevent the misconduct.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 46.**

47. As a result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 47.**

48. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 48.**

49. The misconduct described in this Count was undertaken pursuant to the City of Chicago's policy and practice in the manner described in the preceding paragraphs.

**ANSWER:** **Paragraph 49 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 49.**

## Count III – 42 U.S.C. § 1983

### Conspiracy to Deprive Constitutional Rights

13

50.     Each of the Paragraphs of this Complaint is incorporated as if restated fully
herein.

**ANSWER:     Defendant Michael Kopina incorporates by reference his answers to
each of the paragraphs in this Answer as if restated fully herein.**

51.     After the murder at issue, the Defendants reached an agreement amongst
themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his constitutional
rights, all as described in the various Paragraphs of this Complaint.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 51.**

52.     Independently, before and after Plaintiff's conviction, each of the Defendants
further conspired, and continue to conspire, to deprive Plaintiff of exculpatory materials to which
he was lawfully entitled and which would have led ot his more timely exoneration of the false
charges as described in the various Paragraphs of this Complaint.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 52.**

53.     In this manner, the Defendants, acting in concert with other unknown co-
conspirators, including persons who are not members of the Chicago Police Department, have
conspired by concerted action accomplish an unlawful purpose by unlawful means.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 53.**

54.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts
and was an otherwise willful participant in joint activity.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 54.**

55.     As a direct and proximate result of the illicit prior agreement referenced above,
Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional

14

distress and anguish, as is more fully alleged above.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 55.**

56.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 56.**

57.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in this manner described more fully in preceding paragraphs, and was tacitly ratified by policymakers for the City of Chicago with final policymaking authority.

**ANSWER:** **Paragraph 57 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 57.**

### Count IV – 42 U.S.C. § 1983

### Supervisor Liability

58.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant Michael Kopina incorporates by reference his answers to each of the paragraphs in this Answer as if restated fully herein.**

59.    The constitutional injuries complained of herein were proximately caused by a pattern and practice of misconduct, which occurred with the knowledge or consent of those of the Defendant Officers who acted in a supervisory capacity, such that these officers personally knew about, facilitated, approved, and/or condoned this pattern and practice of misconduct, or least

recklessly caused the alleged deprivation by their actions or by their deliberately indifferent failure to act.

**ANSWER:** **Paragraph 59 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 59.**

60.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 60.**

61.     The misconduct described in this Count was undertaken pursuant to the City's policy and practice in the manner more fully described above.

**ANSWER:** **Paragraph 61 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 61.**

62.     As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 62.**

### Count V – State Law Claim

### Intentional Infliction of Emotional Distress

63.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant Michael Kopina incorporates by reference his answers to each of the paragraphs in this Answer as if restated fully herein.**

16

64.     In the manner described more fully above, by wrongfully inculpating Plaintiff in a crime he did not commit, Defendants intended to cause emotional distress.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 64.**

65.     In doing so, Defendants' conduct was extreme and outrageous and caused Plaintiff severe, disabling emotional distress.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 65.**

66.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 66.**

67.     As a result of this misconduct, Plaintiff sustained injuries, including emotional pain and suffering, as is more fully alleged above.

**ANSWER:     Defendant Michael Kopina denies the allegations in Paragraph 67.**

<h3 style="text-align:center">Count VI – State Law Claims</h3>

<h3 style="text-align:center">Malicious Prosecution</h3>

68.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendant Michael Kopina incorporates by reference his answers to each of the paragraphs in this Answer as if restated fully herein.**

69.     Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no legitimate probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Plaintiff's favor in a manner indicative of innocence.

17

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 69.**

70. Defendants accused Plaintiff of criminal activities knowing those accusations to be without genuine probable cause, and made statements to the police and/or prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 70.**

71. Defendants also fabricated evidence and failed to disclosed the manner in which that evidence was fabricated, and withheld evidence that would have proven plaintiff's innocence.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 71.**

72. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 72.**

73. As a result of this misconduct, Plaintiff sustained injuries, including emotional pain and suffering, more fully alleged above.

**ANSWER:** **Defendant Michael Kopina denies the allegations in Paragraph 73.**

**Count VII – State Law Claim**

**Respondent Superior**

74. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant Michael Kopina incorporates by reference his answers to each of the paragraphs in this Answer as if restated fully herein.**

75. In committing the acts alleged in the preceding paragraphs, Defendant Officers

were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:** **Paragraph 75 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 75.**

76.     Defendant City of Chicago is liable as the principal for all torts committed by its agents.

**ANSWER:** **Paragraph 76 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 76.**

### Count VIII – State Law Claim

### Indemnification

77.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Defendant Michael Kopina incorporates by reference his answers to each of the paragraphs in this Answer as if restated fully herein.**

78.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** **Paragraph 78 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 78.**

19

79. The Defendant Officers are or were employees of the Chicago Police Department, and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** **Paragraph 79 does not appear to be directed to Defendant Michael Kopina; to the extent that an answer is required, Defendant Michael Kopina denies the allegations in Paragraph 79.**

WHEREFORE, Plaintiff, MAURICE PATTERSON, respectfully requests that this Court enter judgment in his favor and against the Defendants, CITY OF CHICAGO, ROBERT GARZA, ANTHONY AMATO, WILLIAM DAVIS, DELORES MYLES, BRIAN FORBERG, J. FOSTER, JAMES MICHAELS, TIM NOLAND, RONALD LEWIS, and AS-OF-YET UNKNOWN EMPLOYEES OF THE CITY OF CHICAGO [hereinafter "Defendant Officers"], and MICHAEL KOPINA, and awarding compensatory damages, costs and attorneys' fees, along with punitive damages against each of the Defendants in their individual capacities along with whatever additional relief this Court deems appropriate.

**WHEREFORE, Defendant Michael Kopina denies that Maurice Patterson is entitled to any relief from him and requests that the Complaint be dismissed with prejudice.**

### Jury Demand

Plaintiff, MAURICE PATTERSON, hereby demands a trail by jury pursuant to Fed. R. Civ. P. 38(b) on all issues so triable.

**Defendant Michael Kopina also demands a jury.**

### AFFIRMATIVE DEFENSE

**1.    Defendant Michael Kopina in his individual capacity is entitled to qualified immunity from monetary damages as his conduct was objectively reasonable and did not**

**violate any clearly established constitutional right of Maurice Patterson.**

LISA MADIGAN
Attorney General of Illinois

Respectfully submitted,

/s/ Rachel Fleischmann
Rachel Fleischmann
Marni M. Malowitz
Assistant Attorneys General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
312-814-6122 phone
312-814-4425 fax
rfleischmann@atg.state.il.us

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, states that a copy of the attached DEFENDANT MICHAEL KOPINA'S ANSWER TO COMPLAINT was served this 2nd day of December 2011, by electronic filing pursuant to Rule XI of this Court's General Order on Electronic Case Filing upon all parties of record in this case.

By:    /s/ *Rachel Fleischmann*
Rachel Fleischmann
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
312- 814-6122 phone
312-814-4425 fax
rfleischmann@atg.state.il.us