**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MAURICE PATTERSON, | ) | |
| | ) | 11 C 07052 |
| Plaintiff, | ) | |
| | ) | Judge Kennelly |
| vs. | ) | |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICERS ROBERT GARZA (#7871), | ) | |
| ANTHONY AMATO (#8030), WILLIAM | ) | |
| DAVIS (#21157), DELORES MYLES (#20242), | ) | |
| BRIAN FORBERG (#21249), J. FOSTER | ) | |
| (#20288), JAMES MICHAELS (#20317), TIM | ) | |
| NOLAN (#20171), RONALD LEWIS (#20309), | ) | |
| and OTHER AS-OF-YET UNKNOWN | ) | |
| EMPLOYEES OF THE CITY OF CHICAGO, | ) | |
| and MICHAEL KOPINA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S**
**COMPLAINT, DEFENSES AND JURY DEMAND**

Defendant City of Chicago ("City"), by Stephen R. Patton, Corporation Counsel for the

City of Chicago, for its answer, defenses, and jury demand to Plaintiff's Complaint, states:

**Introduction**

1. Plaintiff Maurice Patterson spent more than eight years in prison for a murder that
he did not commit.

**ANSWER:** The City admits, according to records from the Circuit Court of Cook

County, that Plaintiff was convicted of first degree murder and was incarcerated for

approximately eight years. The City lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of this paragraph.

2.      Mr. Patterson was convicted after the police manipulated witnesses, fabricated evidence and withheld a DNA laboratory report containing DNA results that would have demonstrated his innocence of this crime.

**ANSWER:** The City admits, according to records from the Circuit Court of Cook County, that Plaintiff was convicted of first degree murder. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

3.      Despite Mr. Patterson's innocence, Defendant Officers managed to procure false witness identifications and statements allegedly establishing how Mr. Patterson supposedly killed the victim. The Defendants knew that these statements were false.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4.      Were it not for Mr. Patterson's determination to prove his innocence, he never would have learned of the lab report and its exculpatory content. In 2007, Mr. Patterson filed a pro se Freedom of Information Act request with the Illinois State Police ("ISP"), requesting the lab reports from his case. Among the documents included in response was the lab report ·that had been withheld from him prior to trial.

**ANSWER:** The City admits, according to records from the Circuit Court of Cook County, that Plaintiff filed a pro se Freedom of Information Act request with the Illinois State Police.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

5.      Shortly after this revelation, the State moved to vacate Mr. Patterson's conviction and dismissed all charges against him. This lawsuit seeks redress for Maurice Patterson's injuries and for Defendants' misconduct.

**ANSWER:** The City admits, according to records from the Circuit Court of Cook County, that the State moved to vacate Plaintiff's conviction and dismissed charges against him.

The City lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

## Jurisdiction and Venue

6.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's as secured by the United States Constitution.

**<u>ANSWER</u>:** The City admits that this action is brought pursuant to 42 U.S.C. Section

1983 for alleged deprivations of Plaintiff's constitutional rights.

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § l39l(b). Events giving rise to this complaint occurred in this judicial district.

**<u>ANSWER</u>:** The City admits that jurisdiction is proper and, on information and belief, that

venue is proper.  The City lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of this paragraph.

## The Parties

8.      Plaintiff is a 45 year-old resident of Chicago, where he was born and raised. Plaintiff is the father of three children. Prior to his wrongful arrest for this murder, Plaintiff was employed in a variety of capacities, including as a grounds keeper for the Chicago Park District.

**<u>ANSWER</u>**:      Upon information and belief, the City admits that Plaintiff is a resident of

Chicago, but lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

9.      Defendants Robert Garza, Anthony Amato, William Davis, Delores Myles, Brian Forberg, J. Foster, James Michaels, Tim Nolan and Ronald Lewis are current or former police officers with the City of Chicago Police Department ("Department"). Each of the Defendant Officers is sued in his individual capacity, and each acted under color of law and in the scope of his employment in engaging in the actions alleged in this Complaint.

**<u>ANSWER</u>**:      The City admits that Defendant Officers Garza, Amato, Davis, Myles,

Forberg,  Foster, Michaels, Nolan and Lewis are or were police officers with the City of Chicago,

3

and that each is sued in his/her individual capacity. The City lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

10.     Defendant City of Chicago is a municipal entity that employs or employed the
Defendant Officers, including the as yet unknown Defendants.

**ANSWER**:     The City admits that it is an Illinois Municipal Corporation, and was and is

the employer of Defendant Officers Garza, Amato, Davis, Myles, Forberg, Foster, Michaels,

Nolan and Lewis. The City is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

11.     Defendant Michael Kopina is a current or former employee of the Illinois State
Police. He is sued in his individual capacity and acted under color of law and in the scope of his
employment in engaging in the actions alleged in this Complaint.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

## Background

12.     On April 3, 2002, a man fatally stabbed Robert Head on the 7100 block of South
Marshfield. Three witnesses allegedly witnessed the attack on Mr. Head: Mary Starnes, Leslie
Herron, and Harry Phillips. None of the eyewitnesses identified Plaintiff as the attacker that night.

**ANSWER:** The City admits, according to records from the Chicago Police Department

("CPD") that on April 3, 2002, Robert Head was fatally stabbed on the 7100 block of South

Marshfield, and that Mary Starnes, Leslie Herron and Harry Phillips were identified as witnesses.

The City lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

13.     Although each of the eyewitnesses failed to identify the attacker on the night of the
murder, the Defendant Officers, with no leads, coerced each of the eyewitnesses into naming Mr.
Patterson as the perpetrator. That coercion was never disclosed to Mr. Patterson.

**ANSWER:** The City admits, according to records from the CPD, that witnesses Mary Starnes, Leslie Herron and Harry Phillips did not identify the attacker on the night of the murder. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

14.     For example, as a result of undue pressure and coercion, Leslie Herron identified Mr. Patterson as the offender. To induce that false identification, and later her testimony at trial, the Defendant Officers held Ms. Herron for three days without providing her with anything or anywhere to sleep, and withheld food and water from her. When Ms. Herron still had not identified Mr. Patterson, the Defendant Officers fed her Mr. Patterson's name and then intentionally permitted her to "overhear" their discussion about the fact that Mr. Patterson was "Number Three" in the lineup.

**ANSWER:** The City admits, according to records from the CPD, that witness Leslie Herron identified Plaintiff as the offender. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

15 .    Ms. Herron's identification of Mr. Patterson was false. In truth, Mr. Patterson does not look like the offender that Ms. Herron saw murder Mr. Head, and Ms. Herron has no knowledge whatsoever that Mr. Patterson was involved in Mr. Head's murder.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16.     None of the circumstances surrounding Ms. Herron's tainted and false identification were ever disclosed to Mr. Patterson and his defense team.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17.     Once the Defendant Officers had secured the false inculpatory statements from the eyewitnesses, the police buried all the substantial evidence suggesting that someone else had committed the crime.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.     In particular, the Defendants concealed the· lab report, which would have demonstrated that someone other than Plaintiff was responsible for Mr. Head's murder.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### The Withheld DNA Evidence

19.     After retracing the escape route of the attacker, the police had previously located a knife with visible blood on it. Ms. Starnes identified the knife as the one used in the attack on Mr. Head.

**ANSWER:** The City admits, according to records from the CPD, that a knife was found near the scene.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

20.     Defendant Myles forwarded the knife to the ISP for fingerprint and blood analysis. Once the ISP confirmed that there was blood on the knife blade and handle, swabs were delivered to Orchid Cellmark Laboratories ("Cellmark"), a private forensic laboratory, for testing.

**ANSWER:** The City admits, according to records from the CPD, that Defedant Myles submitted a knife to the Illinois State Police ("ISP") for laser and serology testing.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

21.     On September 18, 2002, Cellmark wrote a lab report, addressed to Defendant Kopina, stating that DNA from the blood stain on the knife blade matched the victim, Robert Head. In addition, the Report stated that the DNA from the knife handle was a mixture of Mr. Head's DNA and a "deduced" second male DNA profile that was listed in the report. This second male DNA profile was later identified as the DNA of James Starkey.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Despite the obvious exculpatory value of the lab report, the Defendants never disclosed it to either the prosecutor or Mr. Patterson. Had it been turned over, Mr. Patterson would have been able to successfully argue to the jury both that the knife that was located near the crime scene was the murder weapon and that James Starkey was responsible for the crime. Mr. Starkey lived approximately three blocks from the scene of Mr. Head's stabbing and had a prior history of violent offenses.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. Instead, the prosecution was able to argue without rebuttal at Plaintiff's criminal trial that the knife was not the murder weapon because the victim's blood was not found on the knife. As such, the prosecution claimed that the knife had no evidentiary value for the purposes of Mr. Head's murder.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### The Ma1icious Prosecution

24. In November 2003, Plaintiff stood trial for the murder of Robert Head.

**ANSWER:** According to records from the Circuit Court of Cook County, the City admits the allegations of this paragraph.

25. Based upon the witnesses' coerced testimony and without access to the exculpatory lab report that could have proven his innocence, Mr. Patterson was wrongfully convicted of the Head murder.

**ANSWER:** The City admits, according to records from the Circuit Court of Cook County, that Plaintiff was convicted of the Head murder. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

7

26.     During the trial, the Defendant Officers committed perjury, and conspired to do the same, including knowing false statements that the victim's blood was not on the knife.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.     At his sentencing following his conviction, Mr. Patterson maintained his innocence. He told the court:

> "I'm wrongly convicted of a murder I didn't do if I come back tomorrow, today, next month or a year, or five years, I will be back and are you going to apologize to me? ... Because I didn't kill that man. I never saw that man, never in my life."

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

28.     Mr. Patterson was sentenced to 30 years in prison.

**ANSWER:** According to records from the Circuit Court of Cook County, the City admits the allegations of this paragraph.

**Plaintiff's Exoneration**

29.     Throughout his incarceration, Mr. Patterson was steadfast in his efforts to prove his innocence.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30.     In 2007, while in prison appealing the denial of his pro se motion for post-conviction DNA testing, Mr. Patterson filed a pro se Freedom of Information Act ("FOIA") request with the ISP, requesting the lab reports from his case. The documents he received in response to his FOIA request included a redacted version of the Cellmark lab report, which he had never previously been provided. Mr. Patterson sent the report to his then-appellate counsel, who was able to view an un-redacted version of the report. This un-redacted lab report revealed, for the first time to any attorney representing Mr. Patterson, that the victim's DNA was on the knife as well as that of James Starkey.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31.     Following this revelation, the parties agreed that the case should be remanded back to the Circuit Court for further proceedings. On remand, the State moved to set aside Mr. Patterson's conviction and a new trial was ordered.

**ANSWER:** The City admits, according to records from the Circuit Court of Cook County, that the State moved to set aside Plaintiff's conviction and a new trial was ordered. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

32.     On October 8, 2010, the State dismissed all charges against Mr. Patterson in a manner indicative of his innocence. After spending more than eight years incarcerated for a crime that he did not commit, Plaintiff was finally free.

**ANSWER:** The City admits, according to records from the Circuit Court of Cook County, that the State dismissed all charges against Plaintiff on October 8, 2010. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Plaintiff's Injuries

33.     Plaintiff spent more than eight years in prison for a crime that he did not commit. Plaintiff must now attempt to make a life for himself outside of prison without the benefit of almost a decade of life experiences, which normally equip adults for that task.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34.     Additionally, the emotional pain and suffering caused by losing eight years in the prime of life has been substantial. During his wrongful incarceration, Plaintiff was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right. He missed out on the ability to share holidays, births,

funerals and other life events with loved ones, the opportunity to fall in love and marry and to pursue a career, and the fundamental freedom to live one's life as an autonomous human being.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

35.     As a result of the foregoing, Plaintiff has suffered tremendous damage, including physical suffering, all proximately caused by Defendants' misconduct .

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## Count I -- 42 U.S.C. § 1983

### Due Process

36.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City incorporates its answers to each of the foregoing paragraphs.

37.     As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38.     In the manner described more fully above, the Defendants deliberately withheld exculpatory evidence, fabricated false reports and other evidence, and conducted unduly suggestive lineups, thereby misleading and misdirecting the criminal prosecution. Absent the totality of this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

39. The Defendants' misconduct directly resulted in the unjust criminal conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in

violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

40.     As a result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries, including but not limited to, emotional distress more fully alleged above.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

41.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

42.     The misconduct described in this Count was undertaken by employees and agents of the City of Chicago, including but not limited to the Defendants, pursuant to the policy and practice of the Chicago Police Department to pursue wrongful convictions through profoundly flawed investigations and coerced identifications, as well as institutional failure to disclose exculpatory DNA results that were inconsistent with the investigators' theory of the case.  In this way, the City of Chicago violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

**ANSWER:**     The City denies the allegations regarding its policies and practices.  The City further denies that any municipal policy and/or practice violated plaintiff's rights or were the moving force driving the constitutional violations alleged in this Complaint.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

43.     These widespread practices, so well-settled as to constitute *de facto* policy in the Chicago Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

**ANSWER:**    The City denies the allegations of this paragraph.

44.    The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

**ANSWER:**    The City denies the allegations of this paragraph.

## Count II -- 42 U.S.C. § 1983

## Fai1ure to Intervene

45.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City incorporates it answers to each of the foregoing paragraphs.

46.    In the manner described above, during the constitutional violations described above, one or more of the Defendants stood by without intervening to prevent the misconduct.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

47.    As a result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

48.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

49.    The misconduct described in this Count was undertaken pursuant to the City of Chicago's policy and practice in the manner described in the preceding paragraphs.

**ANSWER:** The City denies the allegations regarding its policies and practices, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## Count III -- 42 U.S.C. § 1983

## Conspiracy to Deprive Constitutional Rights

50.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City incorporates its answers to each of the foregoing paragraphs.

51.     After the murder at issue, the Defendants reached an agreement amongst themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various Paragraphs of this Complaint.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

52.     Independently, before and after Plaintiff's conviction, each of the Defendants further conspired; and continue to conspire, to deprive Plaintiff of exculpatory materials to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

53.     In this manner, the Defendants, acting in concert with other unknown co-conspirators, including persons who are not members of the Chicago Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

54.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

13

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

55.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

56.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

57.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policymakers for the City of Chicago with final policymaking authority.

**ANSWER:**     The City denies the allegations of this paragraph.

## Count IV - 42 U.S.C. § 1983

### Supervisor Liability

58.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City incorporates its answers to each of the foregoing paragraphs.

59.     The constitutional injuries complained of herein were proximately caused by a pattern and practice of misconduct, which occurred with the knowledge and consent of those of the Defendant Officers who acted in a supervisory capacity, such that these officers personally knew about, facilitated, approved, and/or condoned this pattern and practice of misconduct, or least. recklessly caused the alleged deprivation by their actions or by their deliberately indifferent failure to act.

14

**ANSWER:** The City denies the allegations regarding its policies and practices, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

60. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

61. The misconduct described in this Count was undertaken pursuant to the City's policy and practice in the manner more fully described above.

**ANSWER:** The City denies the allegations regarding its policies and practices, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

62. As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as more fully alleged above.

**ANSWER:** The City denies the allegations regarding its policies and practices, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**Count V -- State Law C1aim**

**Intentiona1 Inf1iction of Emotiona1 Distress**

63. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City incorporates its answers to each of the foregoing paragraphs.

64. In the manner described more fully above, by wrongfully inculpating Plaintiff in a crime he did not commit, Defendants intended to cause emotional distress.

15

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

65.     In doing so, Defendants' conduct was extreme and outrageous and caused Plaintiff
severe, disabling emotional distress.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

66.     The misconduct described in this Count was undertaken with malice, willfulness,
and reckless indifference to the rights of others.

**ANSWER:**     The City denies the allegations regarding its policies and practices, and

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of this paragraph.

67.     As a result of this misconduct, Plaintiff sustained injuries, including emotional pain
and suffering, as is more fully alleged above.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

### Count VI - State Law Claim

### Malicious Prosecution

68.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City incorporates its answers to each of the foregoing paragraphs.

69.     Defendants caused Plaintiff to be improperly subjected to judicial proceedings for
which there was no legitimate probable cause. These judicial proceedings were instituted and
continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in
Plaintiff's favor in a manner indicative of innocence.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

70.     Defendants accused Plaintiff of criminal activities knowing those accusations to be without genuine probable cause, and made statements to the police and/or prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

71.     Defendants also fabricated evidence and failed to disclose the manner in which that evidence was fabricated, and withheld evidence that would have proven Plaintiff's innocence.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

### Count VII -- State Law Claim

### Respondeat Superior

74.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The City incorporates its answers to each of the foregoing paragraphs.

75.     In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER**:     The City admits that Defendant Officers Garza, Amato, Davis, Myles,

Forberg,  Foster, Michaels, Nolan and Lewis are or were police officers with the City of Chicago.

The City lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

76.     Defendant City of Chicago is liable as the principal for all torts committed by its agents.

**ANSWER**:     The City states that the allegations of this paragraph contain a vague,

incomplete, and/or incorrect statement of Illinois law, and are therefore deemed denied.

## Count VIII -- State Law Claim

## Indemnification

77.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein

**ANSWER:**     The City incorporates its answers to each of the foregoing paragraphs.

78.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:     The City admits the allegations of this paragraph.

79.     The Defendant Officers are or were employees of the Chicago Police Department, and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**:     The City admits that Defendant Officers Garza, Amato, Davis, Myles,

Forberg,  Foster, Michaels, Nolan and Lewis are or were police officers with the City of Chicago.

The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

WHEREFORE, the City requests judgment in its favor and against Plaintiff, attorneys'

fees and costs, and such other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     The City is not liable to plaintiff if its employees or agents are not liable to the

plaintiff.  745 ILCS 10/2-109.

2.     A municipality is not liable under a theory of *respondeat superior* for the

constitutional violations of its employees.  *See Board of County Commissioners of Bryan County,*

*Oklahoma v. Brown*, 520 U.S. 397, 403 (1997)

3.     Plaintiff has a duty to mitigate their damages, and any damages awarded to

18

Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

4.     To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, just be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See Poole of City of Rolling Meadows*, 167 I.ll.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

5.     The City is not liable under Section 1983 if plaintiff does not prove any violation of his constitutional rights.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

6.     Under Illinois law, the City is not liable for conduct committed by employees not acting within the scope of their employment.  *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec.203, 675 N.E.2d 110 (1996).

## **JURY DEMAND**

The City respectfully requests a trial by jury.

                                                   Respectfully submitted,

                                                   STEPHEN R. PATTON
                                                   Corporation Counsel of the City of Chicago

By:       ***/s/ Megan K. McGrath***
                                                   MEGAN K. McGRATH
                                                   Assistant Corporation Counsel

30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 744-9212
Attorney No. 06288408