# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| MAURICE PATTERSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| vs. | ) | No. | 11 C 7052 |
| | ) | | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | | |
| OFFICERS ROBERT GARZA (#7871), | ) | JUDGE KENNELLY | |
| ANTHONY AMATO (#8030), WILLIAM | ) | | |
| DAVIS (#21157), DELORES MYLES (#20242), | ) | | |
| BRIAN FORBERG (#21249), J. FOSTER | ) | | |
| (#20288), JAMES MICHAELS (#20317), TIM | ) | | |
| NOLAN (#20171), RONALD LEWIS (#20309), | ) | Magistrate Judge Cole | |
| and OTHER AS-OF-YET UNKNOWN | ) | | |
| EMPLOYEES OF THE CITY OF CHICAGO, | ) | | |
| and MICHAEL KOPINA, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## DEFENDANTS GARZA, AMATO, DAVIS, MYLES, FORBERG, FOSTER, MICHAELS, NOLAN AND LEWIS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Robert Garza ("Garza"), Anthony Amato ("Amato"), William Davis ("Davis"), Dolores Myles ("Myles"), Brian Forberg ("Forberg"), John Foster ("Foster"), James Michaels ("Michaels"), Timothy Nolan ("Nolan"), and Ronnie Lewis ("Lewis"), by one of their attorneys, answer Plaintiffs Complaint as follows:[1]

### Introduction

1. Plaintiff Maurice Patterson spent more than eight years in prison for a murder that he did not commit.

 **ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

---

[1] Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis make no answer on behalf of any unknown and/or unnamed defendant employees of the City of Chicago.

and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.     Mr. Patterson was convicted after the police manipulated witnesses, fabricated evidence and withheld a DNA laboratory report containing DNA results that would have demonstrated his innocence of this crime.

**ANSWER**:    Upon information, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit plaintiff was convicted. Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the remaining allegations in paragraph 2.

3.     Despite Mr. Patterson's innocence, Defendant Officers managed to procure false witness identifications and statements allegedly establishing how Mr. Patterson supposedly killed the victim. The Defendants knew that these statements were false.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 3.

4.     Were it not for Mr. Patterson's determination to prove his innocence, he never would have learned of the lab report and its exculpatory content. In 2007, Mr. Patterson filed a pro se Freedom of Information Act request with the Illinois State Police ("ISP"), requesting the lab reports from his case. Among the documents included in response was the lab report that had been withheld from him prior to trial.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.     Shortly after this revelation, the State moved to vacate Mr. Patterson's conviction and dismissed all charges against him. This lawsuit seeks redress for Maurice Patterson's injuries and for Defendants' misconduct.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the misconduct alleged herein. Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief

2

as to the truth of the remaining allegations in paragraph 5.

## Jurisdiction and Venue

6.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit this action is brought pursuant to 42 U.S.C. §1983, but deny that any of their acts deprived plaintiff of his rights as secured by the United States Constitution and deny that any of their acts gave rise to such claims.

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. § 139l(b).  Events giving rise to this complaint occurred in this judicial district.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit this court has jurisdiction to hear this matter, and that venue is proper in this judicial district.  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

## The Parties

8.     Plaintiff is a 45 year-old resident of Chicago, where he was born and raised.  Plaintiff is the father of three children.  Prior to his wrongful arrest for this murder, Plaintiff was employed in a variety of capacities, including as a grounds keeper for the Chicago Park District.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     Defendants Robert Garza, Anthony Amato, William Davis, Delores Myles, Brian Forberg, J. Foster, James Michaels, Tim Nolan and Ronald Lewis are current or former police officers with the City of Chicago Police Department ("Department").  Each of the Defendant Officers

3

is sued in his individual capacity, and each acted under color of law and in the scope of his employment in engaging in the actions alleged in this Complaint.

**ANSWER**:  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit that they are current or former police officers with the City of Chicago Police Department, that they are each sued in their individual capacities, and that they acted under color of law and within the scope of their employment.  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,  and Lewis deny that they engaged in the actions alleged in this Complaint. Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.    Defendant City of Chicago is a municipal entity that employs or employed the Defendant Officers, including the as yet unknown Defendants.

**ANSWER**:  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit that the City of Chicago is a municipal corporation that employs or employed each of them.  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11.    Defendant Michael Kopina is a current or former employee of the Illinois State Police.  He is sued in his individual capacity and acted under color of law and in the scope of his employment in engaging in the actions alleged in this Complaint.

**ANSWER**:  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

4

**Background**

12.     On April 3, 2002, a man fatally stabbed Robert Head on the 7100 block of South Marshfield. Three witnesses allegedly witnessed the attack on Mr. Head: Mary Starnes, Leslie Herron, and Harry Phillips.  None of the eyewitnesses identified Plaintiff as the attacker that night.

**ANSWER**:     Upon information , Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit that on April 3, 2002, a man fatally stabbed Robert Head on the 7100 block of South Marshfield, Chicago, Illinois, and that three individuals, Mary Starnes, Leslie Herron and Harry Phillips, witnessed the attack on Mr. Head.  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13.     Although each of the eyewitnesses failed to identify the attacker on the night of the murder, the Defendant Officers, with no leads, coerced each of the eyewitnesses into naming Mr. Patterson as the perpetrator. That coercion was never disclosed to Mr. Patterson.

**ANSWER:**     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 13.  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis further deny that there was any coercion of eyewitnesses to disclose to Mr. Patterson.

14.     For example, as a result of undue pressure and coercion, Leslie Herron identified Mr. Patterson as the offender. To induce that false identification, and later her testimony at trial, the Defendant Officers held Ms. Herron for three days without providing her with anything or anywhere to sleep, and withheld food and water from her. When Ms. Herron still had not identified Mr. Patterson, the Defendant Officers fed her Mr. Patterson's name and then intentionally permitted her to "overhear" their discussion about the fact that Mr. Patterson was "Number Three" in the lineup.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 14.

15 . Ms. Herron's identification of Mr. Patterson was false. In truth, Mr. Patterson does not look like the offender that Ms. Herron saw murder Mr. Head, and Ms. Herron has no knowledge whatsoever that Mr. Patterson was involved in Mr. Head's murder.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny Ms. Herron's identification of Mr. Patterson was false. Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. None of the circumstances surrounding Ms. Herron's tainted and false identification were ever disclosed to Mr. Patterson and his defense team.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 16. Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis further deny that there was any tainted and false identification to disclose to Mr. Patterson and his defense team.

17. Once the Defendant Officers had secured the false inculpatory statements from the eyewitnesses, the police buried all the substantial evidence suggesting that someone else had committed the crime.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 17.

18. In particular, the Defendants concealed the lab report, which would have demonstrated that someone other than Plaintiff was responsible for Mr. Head's murder.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 18.

### The Withheld DNA Evidence

19. After retracing the escape route of the attacker, the police had previously located a knife with visible blood on it. Ms. Starnes identified the knife as the one used in the attack on Mr. Head.

6

**ANSWER**:     Upon information, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit that after retracing the escape route of the attacker, police officers located a knife with what appeared to be dried blood on it, and that Ms. Starnes identified the knife as the one used in the attack on Mr. Head.  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     Defendant Myles forwarded the knife to the ISP for fingerprint and blood analysis. Once the ISP confirmed that there was blood on the knife blade and handle, swabs were delivered to Orchid Cellmark Laboratories ("Cellmark"), a private forensic laboratory, for testing.

**ANSWER**:     Defendant Myles admits that she requested that the knife be sent to the ISP for fingerprint and blood analysis.  Upon information, Defendants Garza, Amato, Davis, Forberg, Foster, Michaels, Nolan, and Lewis admit that Defendant Myles requested that the knife be sent to the ISP for fingerprint and blood analysis.  Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21.     On September 18, 2002, Cellmark wrote a lab report, addressed to Defendant Kopina, stating that DNA from the blood stain on the knife blade matched the victim, Robert Head. In addition, the Report stated that the DNA from the knife handle was a mixture of Mr. Head's DNA and a "deduced" second male DNA profile that was listed in the report.  This second male DNA profile was later identified as the DNA of James Starkey.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Despite the obvious exculpatory value of the lab report, the Defendants never disclosed it to either the prosecutor or Mr. Patterson.  Had it been turned over, Mr. Patterson would have been able to successfully argue to the jury both that the knife that was located near the crime

scene was the murder weapon and that James Starkey was responsible for the crime. Mr. Starkey lived approximately three blocks from the scene of Mr. Head's stabbing and had a prior history of violent offenses.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny that they knew of the existence of Cellmark lab report, and therefore deny they were in a position to disclose it to either the prosecutor or Mr. Patterson. Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23. Instead, the prosecution was able to argue without rebuttal at Plaintiff's criminal trial that the knife was not the murder weapon because the victim's blood was not found on the knife. As such, the prosecution claimed that the knife had no evidentiary value for the purposes of Mr. Head's murder.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

### The Ma1icious Prosecution

24. In November 2003, Plaintiff stood trial for the murder of Robert Head.

**ANSWER**: Defendants Garza, Myles, Michaels and Forberg admit the allegations in paragraph 24. Upon information and belief, Defendants Amato, Davis, Foster, Nolan and Lewis admit the allegations in paragraph 24.

25. Based upon the witnesses' coerced testimony and without access to the exculpatory lab report that could have proven his innocence, Mr. Patterson was wrongfully convicted of the Head murder.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 25.

8

26. During the trial, the Defendant Officers committed perjury, and conspired to do the same, including knowing false statements that the victim's blood was not on the knife.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 26.

27. At his sentencing following his conviction, Mr. Patterson maintained his innocence. He told the court:

> "I'm wrongly convicted of a murder I didn't do if I come back tomorrow, today, next month or a year, or five years, I will be back and are you going to apologize to me? ... Because I didn't kill that man. I never saw that man, never in my life."

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Mr. Patterson was sentenced to 30 years in prison.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

**Plaintiff's Exoneration**

29. Throughout his incarceration, Mr. Patterson was steadfast in his efforts to prove his innocence.

**ANSWER**: Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. In 2007, while in prison appealing the denial of his pro se motion for post-conviction DNA testing, Mr. Patterson filed a pro se Freedom of Information Act ("FOIA") request with the ISP, requesting the lab reports from his case. The documents he received in response to his FOIA request included a redacted version of the Cellmark lab report, which he had never previously been

9

provided. Mr. Patterson sent the report to his then-appellate counsel, who was able to view an un-redacted version of the report. This un-redacted lab report revealed, for the first time to any attorney representing Mr. Patterson, that the victim's DNA was on the knife as well as that of James Starkey.

**ANSWER**:      Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.      Following this revelation, the parties agreed that the case should be remanded back to the Circuit Court for further proceedings. On remand, the State moved to set aside Mr. Patterson's conviction and a new trial was ordered.

**ANSWER**:      Upon information, Defendants Garza, Myles, Forberg, and Foster admit a new trial was ordered, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31. Defendants Amato, Davis, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.      On October 8, 2010, the State dismissed all charges against Mr. Patterson in a manner indicative of his innocence. After spending more than eight years incarcerated for a crime that he did not commit, Plaintiff was finally free.

**ANSWER**:      Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

### Plaintiff's Injuries

33.      Plaintiff spent more than eight years in prison for a crime that he did not commit. Plaintiff must now attempt to make a life for himself outside of prison without the benefit of almost a decade of life experiences, which normally equip adults for that task.

**ANSWER**:      Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 33.

34.     Additionally, the emotional pain and suffering caused by losing eight years in the prime of life has been substantial. During his wrongful incarceration, Plaintiff was stripped of the various pleasures of basic human experience, from the simplest to the most important, which all free people enjoy as a matter of right. He missed out on the ability to share holidays, births, funerals and other life events with loved ones, the opportunity to fall in love and marry and to pursue a career, and the fundamental freedom to live one's life as an autonomous human being.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis are without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 34.

35.     As a result of the foregoing, Plaintiff has suffered tremendous damage, including physical suffering, all proximately caused by Defendants' misconduct .

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 35.

## Count I -- 42 U.S.C. § 1983
## Due Process

36.     Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as

though fully stated herein.

37.     As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis admit they were acting under color of law and within the scope of their employment.

Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the

11

remaining allegations in paragraph 37.

38.     In the manner described more fully above, the Defendants deliberately withheld exculpatory evidence, fabricated false reports and other evidence, and conducted unduly suggestive lineups, thereby misleading and misdirecting the criminal prosecution. Absent the totality of this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 38.

39.     The Defendants' misconduct directly resulted in the unjust criminal conviction of Plaintiff, thereby denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 39.

40.     As a result of this violation of his constitutional right to a fair trial, Plaintiff suffered injuries, including but not limited to, emotional distress more fully alleged above.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 40.

41.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 41.

42.     The misconduct described in this Count was undertaken by employees and agents of the City of Chicago, including but not limited to the Defendants, pursuant to the policy and practice of the Chicago Police Department to pursue wrongful convictions through profoundly flawed investigations and coerced identifications, as well as institutional failure to disclose exculpatory DNA results that were inconsistent with the investigators' theory of the case. In this way, the City of Chicago violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 42 directed against them, and further deny the allegations regarding the Chicago Police Department's and the City of Chicago's policies and practices.   Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42.

43.    These widespread practices, so well-settled as to constitute *de facto* policy in the Chicago Police Department, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 43.

44.    The widespread practices described in the preceding paragraphs were allowed to flourish because the City declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 44.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis request judgment in their favor and against the plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### Count II -- 42 U.S.C. § 1983
### Fai1ure to Intervene

45.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as

though fully stated herein.

46.     In the manner described above, during the constitutional violations described above, one or more of the Defendants stood by without intervening to prevent the misconduct.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 46.

47.     As a result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 47.

48.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 48.

49.     The misconduct described in this Count was undertaken pursuant to the City of Chicago's policy and practice in the manner described in the preceding paragraphs.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 49.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis request judgment in their favor and against the plaintiff, costs of suit and attorneys' fees,

and such other relief as the Court deems appropriate.

### Count III -- 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutiona1 Rights

50.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

14

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as though fully stated herein.

51.    After the murder at issue, the Defendants reached an agreement amongst themselves to frame Plaintiff for the crime, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various Paragraphs of this Complaint.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 51.

52.    Independently, before and after Plaintiff's conviction, each of the Defendants further conspired; and continue to conspire, to deprive Plaintiff of exculpatory materials to which he was lawfully entitled and which would have led to his more timely exoneration of the false charges as described in the various Paragraphs of this Complaint.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 52.

53.    In this manner, the Defendants, acting in concert with other unknown co-conspirators, including persons who are not members of the Chicago Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 53.

54.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**:    Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 54.

55.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 55.

56.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 56.

57.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policymakers for the City of Chicago with final policymaking authority.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 57.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis request judgment in their favor and against the plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### Count IV - 42 U.S.C. § 1983
### Supervisor Liability

58.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as though fully stated herein.

59.     The constitutional injuries complained of herein were proximately caused by a pattern and practice of misconduct, which occurred with the knowledge and consent of those of the Defendant Officers who acted in a supervisory capacity, such that these officers personally knew about, facilitated, approved, and/or condoned this pattern and practice of misconduct, or least, recklessly caused the alleged deprivation by their actions or by their deliberately indifferent failure to act.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 59.

60.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 60.

61.     The misconduct described in this Count was undertaken pursuant to the City's policy and practice in the manner more fully described above.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 61.

62.     As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as more fully alleged above.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 62.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis request judgment in their favor and against the plaintiff, costs of suit and attorneys' fees, and such other relief as the Court deems appropriate.

### Count V -- State Law C1aim
### Intentiona1 Inf1iction of Emotiona1 Distress

63.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as though fully stated herein.

17

64.     In the manner described more fully above, by wrongfully inculpating Plaintiff in a crime he did not commit, Defendants intended to cause emotional distress.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 64.

65.     In doing so, Defendants' conduct was extreme and outrageous and caused Plaintiff severe, disabling emotional distress.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 65.

66.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 66.

67.     As a result of this misconduct, Plaintiff sustained injuries, including emotional pain and suffering, as is more fully alleged above.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny the allegations in paragraph 67.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis request judgment in their favor and against the plaintiff, costs of suit, and such other relief as the Court deems appropriate.

### Count VI - State Law Claim
### Malicious Prosecution

68.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as

18

though fully stated herein.

69.     Defendants caused Plaintiff to be improperly subjected to judicial proceedings for which there was no legitimate probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Plaintiff"s favor in a manner indicative of innocence.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 69.

70.     Defendants accused Plaintiff of criminal activities knowing those accusations to be without genuine probable cause, and made statements to the police and/or prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 70.

71.     Defendants also fabricated evidence and failed to disclose the manner in which that evidence was fabricated, and withheld evidence that would have proven Plaintiff's innocence.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 71.

72.     The misconduct described in this Count was undertaken with malice, willfulness, and

reckless indifference to the rights of others.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 72.

73.     As a result of this misconduct, Plaintiff sustained injuries, including emotional pain

and suffering, as more fully alleged above.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan,

and Lewis deny the allegations in paragraph 73.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis request judgment in their favor and against the plaintiff, costs of suit, and such other relief as the Court deems appropriate.

## Count VII -- State Law Claim
## Respondeat Superior

74.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as though fully stated herein.

75.     In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit they were members and agents of the Chicago Police Department and acting at all relevant times within the scope of their employment, but deny the remaining allegations in paragraph 75.

76.     Defendant City of Chicago is liable as the principal for all torts committed by its agents.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis deny plaintiff has accurately alleged the legal principle in paragraph 76, and therefore deny said allegations.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis request judgment in their favor and against the plaintiff, costs of suit, and such other relief as the Court deems appropriate.

20

## Count VIII -- State Law Claim
## Indemnification

77.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis restate and incorporate their answers to each of the paragraphs of this Complaint as though fully stated herein.

78.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit the allegations in paragraph 78.

79.     The Defendant Officers are or were employees of the Chicago Police Department, and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**:     Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis admit that they are or were employees of the Chicago Police Department and acted within the scope of their employment, but deny committing the misconduct described and alleged herein.

WHEREFORE, Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis request judgment in their favor and against the plaintiff, costs of suit, and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are government officials, namely police detectives, who perform discretionary functions.  At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing

21

the facts and circumstances that confronted Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis, could have believed their actions to be lawful, in light of clearly established law and the information that Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis possessed. Defendants Garza, Amato, Davis, Myles, Forberg, Foster, Michaels, Nolan, and Lewis are therefore entitled to qualified immunity as to plaintiff's federal claims.

## Second Affirmative Defense

The defendants are absolutely immune from civil liability for claims that they committed perjury during their testimony given in judicial proceedings in plaintiff's underlying criminal case, Briscoe v. LaHue, 460 U.S. 325 (1983); Jurgensen v. Haslinger, 295 Ill.App.3d 139, 141-42; 692 N.E.2d 347, 349-50 (3rd Dist. 1998), and for claims that they suborned or conspired to commit perjury. See, House v. Belford, 956 F.2d 711, 720-21 (7th Cir. 1992).

## Third Affirmative Defense

As to the state law claims, defendants are not liable for any of the claims alleged because at all times relevant to this complaint the defendants were public employees, who were engaged in the execution and enforcement of the law, and none of their acts or omissions in the execution or enforcement of any law constituted willful and wanton conduct. 745 ILCS 10/2-202.

## Fourth Affirmative Defense

As to the state law claims, defendants are not liable for any of the claims alleged because a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

## Fifth Affirmative Defense

As to the state law claims, the defendants are not liable for any of the claims alleged because their decisions regarding the investigation and the arrest of plaintiff, based upon the information and circumstances known to defendants at the time, were decisions that involved the determination of policy and the exercise of discretion for which they are immune from liability. 745 ILCS 10/2-201.

## Sixth Affirmative Defense

As to the state law claims, the defendants are not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

## Seventh Affirmative Defense

The defendants are not liable to the plaintiff on his malicious prosecution claim because they relied upon the advice of the State's Attorney who had the sole discretion to approve felony charges against the plaintiff and did so approve felony charges against the plaintiff.

## JURY DEMAND

Defendants Robert Garza, Anthony Amato, William Davis, Dolores Myles, Brian Forberg, John Foster, James Michaels, Timothy Nolan, and Ronald Lewis request a trial by jury.

Respectfully submitted,

/s/ Joseph M. Polick
Joseph M. Polick
Chief Assistant Corporation Counsel

30 N. LaSalle Street - Suite 900
Chicago, Illinois 60602
(312) 744-8335

23